UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ED O'HARA, JAMES SHARAR,
DA'QUAN STINNIE, GABRIEL NADAL
AND OTHERS, SIMILARLY
SITUATED,

Case No.: 5:16-cv-272-Oc-34PRL

        Plaintiffs,

vs.

**CLASS REPRESENTATION**

LICCIARDELLO'S SANITATION SERVICES, INC.
AND ARRON LICCIARDELLO,

        Defendants.

_____/

## FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiffs, Ed O'Hara, James Sharar, Da'Quan Stinnie, Gabriel Nadal, individually and on behalf of others similarly situated, sue Defendants, Licciardello's Sanitation Services, Inc. a Florida Corporation and Arron Licciardello, an individual, and allege:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover money damages for unpaid overtime wages brought under the laws of the United States of America. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., Sections 201-219, inclusive ("FLSA").

2. Plaintiffs worked as sanitation truck drivers and driver's helpers for the Defendants. Each named or represented opt-in Plaintiff is an "employee" within the meaning of 29 U.S.C. §203(e).

3. Defendant, Licciardello Sanitation Services, Inc. is a corporation, which operates a closely held private trash hauling business in Marion County, Florida.

4. Aaron Licciardello is a resident of Marion County, Florida and at all times relevant to the claims made in this action made final decisions regarding the Plaintiffs hours, wages and terms and conditions of employment.

4. The Defendants are an "employer" within the meaning of the FLSA 29 U.S.C. §203(a).

5. In the course of their employment each named Plaintiff, and all of those similarly situated persons who may hereinafter opt-in to this lawsuit, was individually engaged in commerce because they were employed to drive a garbage truck or assist with the collection and distribution of garbage locally within the State of Florida. Plaintiffs' duties did not require transportation in interstate or foreign commerce within the meaning of the Motor Carrier Act and Plaintiffs are not otherwise exempt from the overtime requirements of the FLSA.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §1337, and by 29 U.S.C. §216(b). The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports and/or provides services and/or goods to customers in Florida. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

7. By reason of the foregoing, the Employer is, and at all times material to this action was, an "enterprise" engaged in "commerce" or in the production of goods for commerce. Additionally, the Plaintiffs were individually engaged in commerce within the meaning of Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., §§ 203(r) and 203(s).

## CLASS ALLEGATIONS

8. The named Plaintiffs are similarly situated to an unknown number of other

Drivers or Driver's Helpers who have or are currently working for the Employer and have worked for the Employer during any part of the past three years.

9. The named Plaintiffs and those similarly situated work or worked under a plan whereby they were paid a set amount each day in purported "salary" but were non-exempt within in the meaning of the FLSA.

10. On a weekly basis, the Employer would permit each Employee to receive a lump sum for a 40-hour work week based upon a day rate.

11. This weekly pay period, which shall be referred to as the Pay Period, contemplated a 40-hour workweek, however, the Employer suffered these Plaintiffs and those similarly situated to work in excess of 40 hours during some or all of the relevant Pay Periods or over 40 hours during the workweek.

12. During those weeks in which Plaintiffs and those similarly situated worked in excess of 40 hours, Employer failed to pay overtime wages and instead on information and belief claimed that the drivers and driver's helpers were salaried employees exempt from overtime.

13. The named Plaintiffs and those similarly situated were routinely scheduled to work, and actually did work, and regularly clocked well in excess of forty hours per work week. Accordingly, during each weekly Pay Period, the Employer failed to pay Plaintiffs and those similarly situated overtime at the rate of one and one half times their regular hourly wage.

14. Plaintiffs complained to the Employer about Employer's pay practices, but were told that they were salaried Employees and not entitled to overtime.

## ATTORNEY'S FEES

15. Plaintiffs have engaged the services of the undersigned attorney and have agreed to pay a reasonable attorney's fees for his services.

## ENTITLEMENT TO ATTORNEY'S FEES

16. Plaintiffs, and those similarly situated, are entitled to an award of prevailing party attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) and other related authority.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

(Failure to Pay Overtime)

17. At all times during their employment, the Plaintiff and those similarly situated, were employees required to be paid overtime equal to one and one half times their regular hourly rate for every hour worked over 40 in the workweek for the Employer.

18. For the entire three-year period preceding the filing of this lawsuit, ("the applicable period covered by this Complaint"), the Employer violated the provisions of the FLSA, 29 U.S.C. §207(a) and §215(a)(2) by failing to pay the Plaintiffs and other similarly situated employees overtime during numerous applicable pay periods.

19. The Employer knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of overtime and remains owing the named Plaintiffs and other similarly situated employees overtime for every hour worked during the three-year period preceding this lawsuit for which they were not paid overtime wages. Accordingly, Plaintiff and those similarly situated are entitled to recover double or liquidated damages.

## JURY DEMAND

20. Plaintiffs, and those similarly situated, demand trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

WHEREFORE, Plaintiffs, and others similarly situated demand the following: payment

of the highest applicable overtime wage for every hour worked by them and those similarly situated, or as much as is allowed by the Fair Labor Standards Act, in an amount to be proven at the time of trial; an additional like amount as liquidated damages; an award of reasonable attorney's fees and costs, and; any and all such other relief which this Court may deem reasonable under the circumstances. Additionally, in the event that Plaintiffs do not recover liquidated damages as allowed, then Plaintiffs and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

Dated: April 11, 2016

        **Law Office of Constantine W. Papas, P.A.**

        _/s/ Constantine W. Papas_
        Constantine W. Papas, Lead Counsel
        Fla. Bar No.: 0089974
        1277 N. Semoran Blvd. Ste. 106
        Orlando, FL 32807
        Tel: (407) 347-6502
        Fax: (407) 206-3655
        E-mail: cwp@deanpapaslaw.com