# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**ED O'HARA, JAMES SHARAR,**
**DA'QUAN STINNIE and GABRIEL**
**NADAL, and others similarly situated**

    **Plaintiffs,**

v.                                                          **Case No: 5:16-cv-272-Oc-34PRL**

**LICCIARDELLO'S SANITATION**
**SERVICES, INC. and AARON**
**LICCIARDELLO**

    **Defendants.**

## ORDER

Pursuant to prior notice, the Court conducted a status conference in this case on July 14, 2016. In this case, four Plaintiffs, Ed O'Hara, James Sharar, Da'Quan Stinnie and Gabriel Nadal, bring suit in a putative class action on behalf of themselves and other similarly situated individuals alleging claims for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"). Plaintiffs were previously employed as sanitation truck drivers and driver's helpers for the Defendants, Aaron Licciardello, individually, and Licciardello's Sanitation Services, Inc. (Doc. 1). The Court addressed several pending issues during the course of the hearing, as summarized below.

### I.  Representation of Defendants

While Plaintiffs are represented by counsel, individual defendant Aaron Licciardello represented himself at the hearing and has been proceeding *pro se* in this matter. To the extent that Mr. Licciardello is representing himself in this case, he is nonetheless required to comply with

this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).

Meanwhile, there has been no appearance on behalf of the corporate defendant, Licciardello's Sanitation Services, Inc. During the hearing, the Court advised Mr. Licciardello that a corporation may appear and be heard only through counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."); see also Local Rule 2.03(e) ("A corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02."). Mr. Licciardello stated that he intends to obtain counsel, and agreed that 90 days would provide sufficient time to do so. Mr. Licciardello's request for additional time to obtain counsel is therefore due to be granted.

## II.   Defendants' Motion to Dismiss

Also pending before the Court is Defendants' Motion to Dismiss (Doc. 9), filed by Mr. Licciardello, acting *pro se*. Mr. Licciardello writes to respond to the claims "against myself and my company." (Doc. 9, p. 2). For the reasons stated above, to the extent that the motion to dismiss is filed on behalf of the corporate defendant, Licciardello's Sanitation Services, Inc., it is due to be stricken.

Further, the remaining aspects of Defendants' motion to dismiss amount to challenges to

- 3 -

the merits of Plaintiffs' claims, including factual challenges and arguments about Plaintiffs' motives and personal character. (Doc. 9, p. 2). As such, Defendant's motion to dismiss will be addressed by the undersigned in a separate Report and Recommendation pursuant to the District Judge's Order of Referral (Doc. 25).

### III.   Plaintiff's Motion to Strike Verified Summary

Plaintiffs' oral motion to strike Defendant's "Verified Summary" (Doc. 23) on the basis that it contains personal identifying information is due to be granted. Both parties are cautioned that it is the responsibility of every attorney and *pro se* litigant to redact personal identifiers before filing pleadings, motions, memoranda, exhibits, and other documents with the Court. The attorney or *pro se* litigant is responsible for verifying that appropriate and effective methods of redaction have been used. Attorneys and *pro se* litigants must review the Judicial Conference Privacy Policy and applicable Court rules at http://www.privacy.uscourts.gov/.

### IV.   Plaintiff's Nadal's Failure to File Answers to Court's Interrogatories

Finally, Plaintiff Gabriel Nadal has failed to file answers to the Court's interrogatories, despite the FLSA Scheduling Order (Doc. 5) and the Court's Order to Show Cause (Doc. 15). Within 14 days of the date of this Order, Plaintiff Gabriel Nadal shall file Answers to the Court's Interrogatories, failing which the undersigned will recommend dismissal of his claim.

### V.   Conclusion

Accordingly, upon due consideration, it is Ordered that:

(1) Defendants shall have additional time to obtain counsel. On or before **October 14, 2016**, such counsel shall file a notice of appearance. If Defendants are unable to obtain counsel, Mr. Licciardello shall file a notice advising the Court on or before **October 14, 2016**.

- 4 -

(2) Plaintiffs' motion (Doc. 10) to strike is due to be **GRANTED** in part. To the extent that Defendant's motion to dismiss is filed on behalf of the corporate defendant, Licciardello's Sanitation Services, Inc., it is hereby **STRICKEN**, but shall remain as filed.

(3) Defendant's Motion to Dismiss (Doc. 9) will be addressed by the undersigned in a separate Report and Recommendation.

(4) Plaintiffs' oral motion to strike Defendant's "Verified Summary" (Doc. 23) is **GRANTED**. The Clerk is directed to **STRIKE** and **REMOVE** from the docket Docs. 52-60, including any exhibits and attachments

(5) **Within 14 days** of the date of this Order, Plaintiff Gabriel Nadal shall file Answers to the Court's Interrogatories, failing which the undersigned will recommend dismissal of his claim.

**DONE** and **ORDERED** in Ocala, Florida on July 15, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties