**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**ED O'HARA, JAMES SHARAR,**
**DA'QUAN STINNIE and GABRIEL**
**NADAL, and others similarly situated**

    **Plaintiffs,**

v.                                                                                          **Case No: 5:16-cv-272-Oc-34PRL**

**LICCIARDELLO'S SANITATION**
**SERVICES, INC. and AARON**
**LICCIARDELLO**

    **Defendants.**

**REPORT AND RECOMMENDATION[1]**

This case is before the Court for consideration of Defendant Aaron Licciardello's motion to dismiss (Doc. 9), which has been referred to the undersigned by the District Judge. (Doc. 25). For the reasons explained below, and because Plaintiffs have sufficiently stated claims under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), I recommend that Defendant's motion to dismiss be denied.

**I.     BACKGROUND**

In this case, four Plaintiffs, Ed O'Hara, James Sharar, Da'Quan Stinnie and Gabriel Nadal, bring suit in a putative class action on behalf of themselves and other similarly situated alleging

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

claims for unpaid overtime under the FLSA. Plaintiffs were previously employed as sanitation truck drivers and driver's helpers for the Defendants, Aaron Licciardello, individually, and Licciardello's Sanitation Services, Inc. (Doc. 1).

As noted in the Court's recent Order (Doc. 26), Mr. Licciardello has appeared *pro se* in this action and has attempted to respond to the Complaint on behalf of both himself and the corporate defendant. Mr. Licciardello has been advised, both in person during the hearing and in the Court's Order, that although he may represent himself *pro se*, a corporation may appear and be heard only through counsel. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."); see also Local Rule 2.03(e) ("A corporation may appear and be heard only through counsel admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02."). Accordingly, to the extent that the motion to dismiss is filed on behalf of the corporate defendant, Licciardello's Sanitation Services, Inc., it has been stricken. (Doc. 26).

The remaining aspects of Defendant's motion to dismiss amount to challenges to the merits of Plaintiffs' claims, including factual challenges and arguments about Plaintiffs' motives and personal character. (Doc. 9, p. 2).

## II.   LEGAL STANDARDS

The bare minimum a plaintiff must set forth in his complaint is found in Fed. R. Civ. P. 8. Under Rule 8, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The United States Supreme Court has explained, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), that while particularity is not required under Fed. R. Civ. P. 8, as it is under Fed. R. Civ. P. 9, "[a] pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

### III.    DISCUSSION

Here, a review of the Complaint (Doc. 1) reveals that Plaintiffs have plainly stated claims for relief under the FLSA to an extent sufficient to survive a motion to dismiss. To establish a prima facie case for failure to pay overtime compensation and/or minimum wages under FLSA, an employee must demonstrate: "(1) an employment relationship, (2) that the employer engaged in interstate commerce, and (3) that the employee worked but was not paid minimum wage and/or overtime wages." *Anish v. Nat'l Sec. Corp.*, 2010 WL 4065433, at *2 (S.D.Fla. Oct. 15, 2010) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n. 68 (11th Cir.2008)).

As to the first element, Plaintiffs allege that they worked as sanitation truck drivers and driver's helpers for the Defendants, and were employees within the meaning of 29 U.S.C. § 203(e). (Doc. 1, ¶ 2). With respect to the second element, Plaintiffs must allege either (1) "individual coverage," meaning that the employee was "engaged in commerce or in the production of goods for commerce," or (2) "enterprise coverage," meaning that the employee was "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a); *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265–66 (11th Cir. 2006).

Plaintiffs allege that Defendant was "an organization which sells and and/or markets or transports and/or provides services and/or goods to customers in Florida. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum." (Doc. 1, ¶ 6). Plaintiffs further allege that Defendant was an enterprise engaged in commerce or in the production of goods for commerce, and that the Plaintiffs

were individually engaged in commerce within the meaning of Sections 3(r) and 3(s) of 29 U.S.C. § § 203(r) and 203(s).  (Doc. 1, ¶ 7).  With these allegations, Plaintiffs have sufficiently satisfied the second element of their FLSA claims.

As to the third prong of Plaintiffs' prima facie case, Plaintiffs state that they were paid a lump sum for a 40 hour work week, but were required to work overtime for which they were not compensated.  (Doc. 1, ¶ 11).  Plaintiffs contend that Defendant claimed Plaintiffs were exempt from overtime as salaried employees.  (Doc. 1, ¶ 12).  As to damages, Plaintiffs claim they are entitled to their uncompensated overtime, equal to one and one half times their regularly hourly rate, plus liquidated damages under the FLSA.   (Doc. 1, ¶¶ 17, 19).

In the motion to dismiss, Defendant argues that he was acting in good faith as an employer, and requests that the Court question the validity of the claims, motives, and personal character of the Plaintiffs.  As set forth above, however, such questions are not properly part of the Court's inquiry at this stage of the litigation.  Rather, the court is obliged to simply consider whether Plaintiffs' allegations, if accepted as true, would state a claim that is plausible on its face.  *See Iqbal,* 556 U.S. at 678.

### IV.   CONCLUSION

In this case, Plaintiffs have stated claims for relief under the FLSA to an extent sufficient to survive a motion to dismiss.  Accordingly, upon due consideration, it is **recommended** that Defendant's motion to dismiss (Doc. 9) be denied.

**DONE** and **ORDERED** in Ocala, Florida on July 22, 2016.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

- 5 -

Copies furnished to:

Counsel of Record
Unrepresented Parties

- 5 -